UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BENNIE ADAMS, | : | CASE NO. 4:21-cv-00158 |
| Petitioner, | : | ORDER |
| v. | : | |
| LASHANN EPPINGER, | : | |
| Respondent. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In 2008, an Ohio jury convicted Bennie Adams of aggravated murder and recommended the death penalty. In 2016, the Ohio Supreme Court vacated Adams's sentence and the trial court resentenced Adams to 20-years-to-life incarceration. In January 2021, Adams petitioned this Court for federal habeas corpus relief.[1] The Court now orders additional briefing from the parties regarding Adams's petition's timeliness.

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a state prisoner to file his federal habeas corpus petition within one year after the trial court's judgment becomes final.[2] But federal courts discount from AEDPA's one-year limit any time that passes while the petitioner's properly filed state postconviction petition remains pending.[3]

When a state resentences a prisoner, the "new sentence … restarts AEDPA's one-year window to challenge that judgment."[4]

The Court notes without finding that it appears Adams's postconviction proceeded as

---

[1] Doc. 1; 28 U.S.C. § 2254
[2] 28 U.S.C. § 2244(d)(1)(A).
[3] 28 U.S.C. § 2244(d)(2).
[4] *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016).

Case No. 4:21-cv-00158
GWIN, J.

follows:

- On June 11, 2012, while his Ohio direct appeal was pending, Adams filed his first petition for state postconviction relief.[5]

- On April 23, 2014, the Ohio trial court granted Adams's motion to stay postconviction proceedings pending his direct appeal.[6]

- On October 1, 2015, the Ohio Supreme Court affirmed Adams's conviction but vacated Adams's death sentence.[7]

- On June 6, 2016, the Ohio trial court resentenced Adams. The trial court's judgment became final on July 6, 2016, when Adams's time to appeal his new sentence expired.[8]

- Adams filed no direct appeal from his June 6, 2016, resentencing.

- On June 5, 2017—334 days after the trial court's resentencing judgment became final—Petitioner Adams filed a new state postconviction petition.[9]

- On January 21, 2020, Adams's state postconviction bid after his June 6, 2016, resentencing ended unsuccessfully when the Ohio Supreme Court declined jurisdiction.[10]

- On January 20, 2021—364 days after the Ohio Supreme Court declined jurisdiction—Adams filed his federal habeas corpus petition.[11]

In his 2017 state postconviction petition, Adams appears to have conceded that because the trial court resentenced him, his 2012 petition was no longer pending.[12] So, it

---

[5] Doc. 10-2 at 1357 (PageID 2977).
[6] Doc. 10-3 at 154 (PageID 3448). Specifically, the trial court stayed postconviction proceedings "pending a decision of the direct appeal in this case, *State v. Adams,* Case No. 2011-1978." *Id.* The court further ordered that following the direct appeal's conclusion, Adams would have 30 days to respond to the State's motion to dismiss his postconviction petition. *See id.*
[7] *State v. Adams,* 45 N.E.3d 127 (Ohio 2015).
[8] *See generally* OHIO R. APP. P. 4 (allowing 30 days to appeal a final judgment); 28 U.S.C. § 2244(d)(1)(A).
[9] Doc. 10-3 at 155 (PageID 3449).
[10] Although Adams also petitioned the United States Supreme Court for certiorari, *Adams v. Ohio,* 208 L. Ed. 2d 72 (Oct. 5, 2020), the United States Supreme Court is not part of state postconviction for AEDPA's purposes. *See Lawrence v. Florida,* 549 U.S. 327, 331-36 (2007).
[11] Doc. 1.
[12] Specifically, Adams's 2017 petition explained that:

> No post-conviction petition has been filed as a result of the new sentencing hearing held on June 6, 2016. A timely post-conviction petition was previously filed as a result of Adams' original sentence of death. This petition was filed on June 11, 2012. *That petition was deemed moot when Adams was resentenced.* By statute, Adams has one year to file a timely post-conviction petition from the date of his re-sentencing. As a result, this petition now being filed is a timely, first petition pursuant to Ohio Revised Code § 2953.21.

Doc. 10-3 at 156 (PageID 3450) (emphasis added).

Case No. 4:21-cv-00158
GWIN, J.

appears that both the 334 days following the judgment becoming final and the 364 days following the Ohio Supreme Court's decision to decline jurisdiction might count towards AEDPA's one-year limit.

The Court has been unable to find record evidence that Ohio raised the possible untimeliness of Adams's habeas petition as an affirmative defense.[13] Still, the Court may dismiss a petition sua sponte if, after allowing the parties an opportunity to present their respective positions, the Court finds that the petition was late filed.[14]

So, against the backdrop that Adams's petition may be untimely, the Court now orders the parties to file supplemental briefs. The briefs should address whether Adams's 2012 state post-conviction petition could toll AEDPA's one-year limit after Adams's June 6, 2016 resentencing.

The Court **ORDERS** the parties to file briefs explaining their positions on Adams's petition's timeliness within 20 days of this order. The Court further **ORDERS** parties to limit their briefs to 15 or fewer pages.

IT IS SO ORDERED.

Dated: December 22, 2022  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[13] *See* Doc. 10.
[14] *See Day v. McDonough*, 547 U.S. 198, 208–11 (2006).