UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BENNIE ADAMS, | CASE NO. 4:21-cv-00158 |
| Petitioner, | OPINION & ORDER |
| | [Resolving Doc. 33] |
| v. | |
| LASHANN EPPINGER, | |
| Respondent. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

An Ohio jury convicted Petitioner Bennie Adams of murdering Gina Tenney and recommended the death penalty. Adams successfully appealed his death sentence and now serves a 20-years-to-life prison sentence. In this 42 U.S.C. § 2254 action, Adams argues that Ohio court proceedings violated his federal rights and asks this Court for habeas corpus relief.[1]

Among other claims, Adams raised a juror-bias claim. To support his claim that trial jurors wrongly learned that Adams had earlier been convicted of a separate rape, kidnapping, and robbery, Adams offered one juror's affidavit. The juror affidavit gave evidence that some deliberating jurors knew about Adams's prior rape conviction.

On February 13, 2023, the Court found that Adams lost on his other § 2254 claims but also found that Adams showed sufficient evidence to support a juror misconduct hearing. This Court conditionally granted Petitioner Bennie Adams's habeas petition in part.[2] The

---

[1] Doc. 1.

[2] Doc. 31.

Case No. 4:21-cv-00158
GWIN, J.

Court said Adams may apply for release from custody unless Ohio holds an evidentiary hearing, or a *Remmer* hearing, regarding this issue within 150 days.

On June 12, 2023, the Mahoning County Court of Common Pleas timely held a *Remmer* hearing.[3] On July 5, 2023, the state trial court issued a decision finding that the jurors did not know about Adams's prior conviction during deliberations.

Now, Adams plans to appeal the state trial court's decision based on alleged constitutional violations related to the *Remmer* hearing. He asks this Court to keep the conditional writ in place or to stay the case until he has exhausted state-court appellate remedies. Alternatively, Adams asks this Court to grant him the ability to file a second-in-time habeas petition before this Court later.

For the foregoing reasons, the Court **DENIES** Adams's motion to stay this case. This Court had already ruled on the instant habeas petition. As Adams is alleging different constitutional violations surrounding the *Remmer* hearing, he can bring a new habeas petition on these grounds after he exhausts state-court remedies.

I. Background

In the instant petition, Adams says that during deliberations some jurors knew or learned of Adams's earlier 1986 kidnapping, rape, and aggravated robbery convictions and became biased during deliberations. Adams submits an affidavit from juror Terrence Maloney to support this claim.

In that affidavit, Maloney says that shortly after the jury decided to recommend the death penalty, a juror approached juror Maloney at lunch and said, "if it made [Maloney] feel better, Bennie Adams was in prison for rape for 17 years." After delivering the verdict,

---

[3] Doc. 32-1.

- 2 -

Case No. 4:21-cv-00158
GWIN, J.

most jurors went to get dinner together at a nearby restaurant. Maloney says that at dinner, a second juror approached Maloney and said that she "had been dying to tell [Maloney] that Bennie Adams had been in prison for rape for years."[4]

Clearly established federal law required Ohio to provide an evidentiary hearing to decide whether other jurors actually knew of Adams's earlier conviction and, if they did, whether knowledge of Adams's prior conviction sufficiently biased the jurors. The Sixth Circuit recently explained in *Cunningham v. Shoop* that when a petitioner raises "a colorable claim of extraneous influence," a court must order a *Remmer* hearing to give the petitioner "'the opportunity to prove actual bias.'"[5] And when the record does not show precisely when the juror discovered extrajudicial information, a *Remmer* hearing provides "the appropriate forum … to decide the [information's] nature, timing and content … ."[6]

**The Court granted Adams conditional habeas relief, as the state trial court had not provided this hearing. The state court had since held a *Remmer* hearing. After the hearing, the state court determined that jurors learned about Adams's prior conviction after the sentencing and after the jury was officially discharged from its duties. The state court found Adams's juror bias claims to be unsubstantiated. II. Discussion**

### A. The Conditional Grant of Habeas Corpus Relief

When a court conditionally grants habeas corpus relief, the state gets an opportunity to cure its constitutional errors.[7] Conditional writs are final orders, so "they ordinarily and

---

[4] Doc. 10-3 at 225–27 (PageIDs 3519–21).

[5] *Cunningham v. Shoop,* 23 F.4th 636, 651 (6th Cir. 2022) (quoting *Smith v. Phillips,* 455 U.S. 209, 215 (1982)); *see also Remmer v. United States,* 347 U.S. 227, 229 (1954) ("In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial.").

[6] *Cunningham,* 23 F.4th at 651–52; *see also Remmer v. United States,* 350 U.S. 377, 379–80 (1956) ("It was the paucity of information relating to the entire situation coupled with the presumption which attaches to the kind of facts alleged by petitioner which, in our view, made manifest the need for a full hearing.").

[7] *Gentry v. Deuth,* 456 F.3d 687, 692 (6th Cir. 2006); *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987).

- 3 -

Case No. 4:21-cv-00158
GWIN, J.

ideally operate automatically, that is, without the need for the district court to act further."[8] But the district court retain jurisdiction to determine whether the state has complied with the conditions set forth in the conditional writ.[9]

Here, the Court conditionally granted Adams habeas corpus relief because the state did not hold a *Remmer* hearing on Adams's juror bias claims. The state cured its constitutional error by conducting a *Remmer* hearing within 150 days. As a result, Adams cannot apply for release.

Adams now says that the Court should not dissolve the conditional writ since the *Remmer* hearing violated his constitutional rights. The Court disagrees. Whether the *Remmer* hearing further violated his constitutional rights is a different issue from whether the state has complied with the conditions set forth in the conditional writ. For any newly alleged constitutional violations, Adams should exhaust his state-court remedies, and if needed, bring a separate habeas petition later.

### B. SecondHabeas Petition

Adams alternatively asks the Court to grant him the ability to file a second-in-time habeas petition before this Court later.

The Antiterrorism and Effective Death Penalty Act (AEDPA) has gatekeeping procedures that require state prisoners to meet certain conditions before they can bring "second or successive" habeas petitions.[10] But not all numerically second habeas petitions count as "second or successive" petitions and are subject to these gatekeeping procedures in

---

[8] *Gentry,* 465 F.3d at 692 (citing *Phifer v. Warden, United States Pen., Terre Haute, Ind.*, 53 F.3d 859, 862 (7th Cir. 1995)).

[9] *Gentry, 465 F.3d at 692.*

[10] *See* 28 U.S.C. § 2244.

- 4 -

Case No. 4:21-cv-00158
GWIN, J.

28 U.S.C. § 2244(b).

A numerically second petition is not "second or successive" when it asserts claims based on events that occurred after the filing of the initial petition.[11] "In other words, if 'the events giving rise to the claim had not yet occurred' when the petitioner filed his original habeas petition, his subsequent petition raising this claim [may not need to] meet § 2244(b)'s requirements."[12]

Here, the newly alleged constitutional violations surrounding the Remmer hearing arguably did not occur until after Adams filed his initial habeas petition and after this Court adjudicated it. If Adams brings another habeas petition later on these grounds, the petition might not be considered "second or successive" and might not be subject to AEDPA's gatekeeping procedures. For this reason, Adams would not need this Court's permission to bring the petition later.

## I.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Adams's motion to hold the dissolution of the conditional writ in abeyance.

IT IS SO ORDERED.

Dated: July 31, 2023        s/    *James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[11] *In re Jones*, 652 F.3d 603, 605 (6th Cir.2010).

[12] *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018) (citing In re Jones, 652 F.3d at 605; In re Tibbetts, 869 F.3d 403, 405 (6th Cir. 2017)).

- 5 -